David W. Criswell, OSB No. 925930
criswelld@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Rodolfo A. Camacho, Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>CHRISTOPHER R. MACKENZIE<br>ELIZABETH L. MACKENZIE,<br><br>         Debtors. | Case No. 20-33477-dwh7<br>Chapter 7<br><br>**MEMORANDUM IN SUPPORT OF TRUSTEE'S OBJECTION TO EXEMPTION** |

  The Trustee submits the following memorandum of points and authorities in support of his objection to the Debtor's claimed federal homestead exemption under Section 522(d)(1) of the Code.

  The Debtors cite to cases construing the Oregon state law exemption statute in support of their attempt to use the federal homestead exemption set forth in Code Section 522(d)(1) to exempt proceeds (prepaid rent and a security deposit) from a prepetition sale. Such authority is not applicable to the Court's analysis under Section 522(d)(1) which by its terms applies only to "real property" that the debtor "uses as a residence". As of the petition date, the subject of the claimed exemption (cash proceeds) were not "real property" in "use" by the Debtors as a "residence."

  Proceeds of the sale of a residence do not qualify as exempt under Section 522(d)(1) because the Code does not provide for the federal exemption to apply to the proceeds of a prepetition sale. This stands in direct contrast to the Oregon homestead statute which specifically provides that the exemption is not impaired by "sale of the property" and applies to "proceeds derived from such sale". ORS 18.395(1)(c) and (2).

  There is no equivalent language in Section 522(d)(1) and none can be inferred. *In re Healy*, 100 B.R. 443 (Bankr. W.D. Wis. 1989)(Court denied federal exemption in proceeds of sale

PAGE 1 of 2 –   MEMORANDUM IN SUPPORT OF TRUSTEE'S OBJECTION TO EXEMPTION

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

719630.0001/8381651.1

Case 20-33477-dwh7  Doc 32  Filed 03/05/21

of residence). See also, *In re Gervais*, 523 B.R. 334 (Bankr. Mass. 2015)(collecting authority for the conclusion that Code Section 522(d)(1) does not apply to proceeds from the prepetition sale of such real property but noting that the trustee in the *Gervais* case acted too late to raise an objection).

The treatises are in accord with this conclusion. *Collier on Bankruptcy* observes "[u]nlike some state homestead exemptions, Section 522(d)(1) does not expressly exempt proceeds from the prepetition sale of homestead property". 4 *Collier on Bankruptcy*, ¶ 522.09[1] (16th 2020). See also, *Creditors Rights and Remedies* Oregon State Bar Publication, § 9.6-1 ("The federal homestead exemption has another important characteristic. Consistent with all other federal bankruptcy exemptions, the federal homestead is determined as of the date of filing. Consequently, a sale of the homestead post-petition does not change the nature of the sale proceeds. However, proceeds of a homestead sale prior to the bankruptcy filing are probably not covered by the federal homestead exemption. If the lawyer is dealing with sale proceeds, rather than a physical homestead before filing, Oregon exemptions should be considered").

The Trustee's objection should be sustained.

DATED: March 5, 2021

                                            LANE POWELL PC


By:   /s/ David W. Criswell
       David W. Criswell, OSB No. 925930
       Telephone: 503.778.2100
Attorneys for Rodolfo A. Camacho, Trustee

PAGE 2 of 2 – MEMORANDUM IN SUPPORT OF TRUSTEE'S OBJECTION TO EXEMPTION

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

719630.0001/8381651.1

Case 20-33477-dwh7    Doc 32    Filed 03/05/21